## Sparks, et al. v. Ritter, et al.

(Decided October 3, 1924.)

### Appeal from Jackson Circuit Court.

Contracts—Railroads—Contract Granting Right of Way for Loging Tramway Held Not Without Consideration, Unilateral, or Subject to Cancellation.—Contract granting right of way, in consideration of $2.00, for railway for transportation of logs, for which certain amount per acre was to be paid if tramway should be built within twenty-five years, held supported by consideration and not unilateral or subject to. cancellation after ten years.

A. W. BAKER for appellants.

L. C. LITTLE for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

In 1912, J. K. Sparks and wife executed a long written contract to L. C. Ritter, whereby they granted and let to Ritter, in consideration of two ($2.00) dollars then paid, a right of way over and across their 70-acre tract of land in Jackson county, to be used by Ritter, or his assigns, for a railroad or tramway for the transportation of logs, lumber, etc., agreeing in case a railroad or tramway should be built within twenty-five (25) years, the period of the contract, to pay the said Sparks and wife fifteen ($15.00) dollars per acre, annual rental, for the use of such of the surface as was devoted by Sparks and wife to gardening; $10.00 per acre for such portion as was devoted to farming, and $5.00 per acre for such portion as was in woods; the right of way to be 12 feet wide, except that room might be taken for switches, stations, etc. No railroad or tramway had been built across the lands and the right of way has not been used.

This suit was instituted by Sparks and wife against Ritter and his assignees for a cancellation of the contract on the grounds, (1) that it was without consideration;

(2) it was unilateral, and (3) it was unenforceable because of lapse of time.

Appellants' brief consists of two typewritten pages and it discusses but slightly the questions made. Appellees filed no brief at all.

There was abundant consideration to support the contract. The mutual, subsisting undertakings of the parties were ample for that purpose. Neither was the contract unilateral for the same reason. By its terms the contract was to continue for twenty-five years from 1912. The parties had a right to make such contract, and we know of no reason why it should be cancelled after only ten years of the period has elapsed. The lower court dismissed appellant Sparks' petition. We find no error in this.

Judgment affirmed.